UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Okera Abijah Bomani, *formerly known as Henry Leonard McCray*, | ) ) ) | C/A No. 9:23-04259-CMC-MHC |
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) | |
| Marcus Rhodes, Nurse Jennifer, | ) ) | |
| Defendants. | ) ) | |

This a civil action filed by Plaintiff Okera Abijah Bomani, a pretrial detainee. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.[1]

## I.     BACKGROUND

Plaintiff is a pretrial detainee at the J. Reuben Long Detention Center (JRLDC) in Conway, South Carolina. The Court takes judicial notice[2] that Plaintiff has filed another action, case number 9:23-03748-CMC-MHC (23-3748 or First Action) which remains pending at this time. Both actions appear to assert almost identical claims against the same two Defendants.

Plaintiff's First Action was opened on August 1, 2023. Proper Form Orders were issued on August 3, August 29, and September 26, 2023, and that case is now in substantially proper form.

---

[1] This case was initially assigned to Magistrate Judge Jacquelyn D. Austin. On October 19, 2023, this case was reassigned to the undersigned Magistrate Judge. ECF No. 20.

[2] This Court "may properly take judicial notice of matters of public record." *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'").

This case (23-4259 or Second Action) was opened on August 25, 2023. Proper Form Orders were issued on August 30 and September 20, 2023, and this case is now in substantially proper form. A notice to amend was issued on September 20, 2023. It was noted that this case was subject to summary dismissal because the sole named Defendant, Defendant Marcus Rhodes (Rhodes), was subject to dismissal because Plaintiff failed to allege facts to demonstrate Rhodes' personal involvement in Plaintiff's alleged constitutional violations. Plaintiff was also warned that his alleged complaint, one that appeared to assert indifference to a serious medical need, was subject to summary dismissal because Plaintiff failed to identify an individual responsible for the alleged constitutional violations. *See* ECF No. 15. Plaintiff filed an unsigned Amended Complaint (ECF No. 17) on October 2, 2023, in which he alleges claims against the same Defendants, Rhodes and Nurse Jennifer, named in his First Action.

## II.     FACTUAL ALLEGATIONS

The allegations raised by Plaintiff in the two cases are discussed below.

A.     Case Number 23-3748

In the First Action, Plaintiff alleges he is being denied medical treatment. ECF No. 1-4 at 4. Specifically, he asserts he has three tumors on his neck and back that he contends are getting larger. *Id.* Plaintiff asserts that he informed medical about his condition, but he has not received any treatment. He claims that Nurse Jennifer told him that the hospital would not do anything for him, and that she refused to give him an extra bed mat. *Id.* at 7. Plaintiff claims that Defendant Rhodes was directed by the Supreme Court to provide Plaintiff with assistance, but Rhodes refused to do so. *Id.* at 4. For relief, he requests to be taken to a hospital and for his tumors to be surgically removed. *Id.* at 7.

B.     Case Number 23-4259

In this Second Action, Plaintiff contends that the Supreme Court ordered Defendant Rhodes to assist Plaintiff, but Rhodes refused to do so. ECF No. 17 at 4. He contends that Defendant Nurse Jennifer stated that the hospital would not do anything for him. *Id.* Plaintiff contends that the tumors on his back are not being treated; he signed up for sick call on August 18, August 27, August 30, and September 3, 2023; and no one answered his requests. *Id.* at 5. He contends that he was denied treatment by Nurse Jennifer and taken off pain medications. *Id.* Plaintiff alleges he has not received treatment for the large tumor on his neck and back, he now has two more tumors on his back, and he has not received any treatment. *Id.* at 6. For relief, Plaintiff requests that he be taken to MUSC Medical University to have his tumors removed, and that he receive an additional bed mat. *Id.*

## III.     STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc.*

*Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## IV.     **DISCUSSION**

This action should be summarily dismissed because it is duplicative of another existing, almost identical action in this Court. "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." *Cottle v. Bell*, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. 2000) (citations omitted); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party."). This Second Action is brought against the same Defendants, and asserts claims and seeks relief that does not significantly differ from the First Action. Thus, given the similarities between the allegations in Plaintiff's two actions, the present action should be dismissed as duplicative.[3] *See, e.g., Lester v. Perry Corr. Inst.*, No. 4:12-3038-TMC-TER, 2012 WL 5944987, at *2 (D.S.C. Oct. 26, 2012) (recommending dismissal where "[t]he legal and factual issues alleged, the parties involved, and the type of relief sought in the instant complaint [were] completely duplicative of the legal and factual issues that were alleged in Plaintiff's previous § 1983 cases"), *report and recommendation adopted*, 2012 WL 5945013 (D.S.C. Nov. 28, 2012); *Moore v. Corpening*, No. 1:18-cv-191-FDW, 2019 WL 177947, at *1 (W.D.N.C. Jan. 11, 2019) (dismissing action because the plaintiff had filed "an almost identical action in this Court against the same Defendants, and that action is pending in the Court").

---

[3] The undersigned has issued an Order authorizing service of process in the First Action.

## V.     RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[4] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

November 16, 2023
Charleston, South Carolina

---

[4]*See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).